**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:                                     )
                                           )
**ROBERT ALEXANDER KRASNOW,**              )        **CASE NO. 09-31005-LMK**
                                           )        **CHAPTER 13**
                                           )
_____Debtor._____)

## CHAPTER 13 PLAN

The Debtor submits the following Chapter 13 Plan:

1.      The future earnings of the Debtor is submitted to the control and supervision of the

Trustee, and the Debtor shall pay to the Trustee the sum of **$6,043.08** in months one through ten (1-10)

and **$11,526.79** in months eleven through sixty (11-60) for a period of sixty (60) months.

2.      From the payments so received, the Trustee shall make disbursements as follows:

A.      **PRIORITY CLAIMS**

(1)      The fees and expenses of the Trustee shall be paid over the life of the

Plan at the rate of ten percent (10%) of the amount of all payments under the Plan.

B.      **SECURED CLAIMS**

(1)      **MERCANTILE BANK** holds a first mortgage on Debtor's homestead

property.  The Trustee shall make the regular monthly mortgage payment in the amount of **$5,200.00**.

The Debtor is in arrears to this creditor in the amount of $31,200.00.  The Trustee shall pay this creditor

the sum of $31,200.00 with monthly payments in the amount of **$624.00** in months eleven through sixty

(11-60)**.**  The first regular monthly payment due after completion of this Plan shall be the June 2014

payment.

(2)      **IRS-INTERNAL REVENUE SERVICE** holds a secured claim in the

amount of $186,851 through a tax lien filed in Alachua County, Florida.  The Trustee shall pay this

Creditor the sum of $186,851.00 with monthly payments in the amount of **$4,231.34** in months eleven

through sixty (11-60) that includes five percent (5%) per annum simple interest for a total payment of $211,566.60.

(3)    **FORD MOTOR CREDIT** holds a purchase money security interest in a 2007 Lincoln Mark LT with a secured claim of $12,500.00. The Trustee shall pay this creditor the sum of $12,500.00 with level monthly payments in the amount of **$238.77** that includes five and one/half percent (5.5%) per annum simple interest for a total payment of $14,325.87.

(4)    **HAMPTON PARK NEIGHBORHOOD ASSOCIATION** holds a secured claim against Debtor's homestead property in the amount of $1,242.00 for unpaid homeowner's association dues.  The Trustee shall pay this Creditor the sum of $1,242.00 with monthly payments in the amount of **$24.84** in months eleven through sixty (11-60).

C.    **UNSECURED CLAIMS**

Any claims filed after the deadline for filing proofs of claim shall receive no distribution under this Plan unless specifically provided for above.  Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been voided, who timely file claims shall receive full 100% distribution.  The Trustee shall distribute **$55.16** in months eleven through sixty (11-60) among those unsecured creditors whose claims are filed and allowed for a total payment of $2,757.99.

3.    **EXECUTORY CONTRACTS**.  The Debtor does not reject any executory contracts.

4.    **VESTING**.  Title to all property of the estate shall revest in the Debtor upon confirmation of this Plan.

5.    **RETENTION OF LIEN**.  Secured creditors shall retain their liens until the allowed secured claim is paid in full.

6.    **LATE FEES OR ATTORNEYS' FEES**. No creditor shall be entitled to any late fees, attorney's fees, other costs or interest other than the interest contained in the payments provided for by the plan during this bankruptcy, including the life of this Plan, except as ordered by this Court, excluding

existing student loan claims.  Upon successful completion of this Plan, the Debtor's mortgage balance shall be deemed current as a matter of law.

      7.    **INSURANCE**.  Debtor shall keep the collateral that secures any debt paid under this Plan insured as provided for in the agreement between the Debtor and creditor.

      8.    **ADDITIONAL MOTION OR OBJECTION PERIOD.**   Debtor will have thirty days after the claims bar date to file any Motions to Value or Objections to Claims that have been timely filed. Any Order Confirming or Modifying the Plan will not be res judicata as to any Motions or Objections to timely filed claims brought pursuant to this paragraph.

      **DATED** this 3rd day of June 2009

**BANKRUPTCY LAW FIRM OF
LANSING J. ROY, P.A.**

**Lansing J. Roy, Esquire**
Florida Bar No. 120716
**Christopher R. DeMetros, Esquire**
Florida Bar No. 0863467
**Nancy Akel Draughon, Esquire**
Florida Bar No. 0075086
**Kevin B. Paysinger, Esquire**
Florida Bar No. 0056742
Attorney for Debtor
PO Box 10399
Jacksonville, FL   32247-0399
(904) 391-0030